

U.S. Department of Justice

Matthew M. Graves
United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C.   20530*

BY EMAIL

February 4, 2022

Donald Brown, Esq.
Defense Counsel for Elliot Bishai
Brown & Associates, PLLC
Suite 200
Park South Professional Center
10440 Park Road
Charlotte, NC 28210

Re:   *United States v. Elliot Bishai* (21-CR-282 (TSC))

Dear Counsel:

As you are aware, your client, Elliot Bishai, has a pending charge in the United States District Court for the District of Columbia.   You have advised me that your client is interested in meeting with members of law enforcement and representatives of this Office for a voluntary debriefing.

In order to assure that there are no misunderstandings concerning the parameters of the debriefing, I am writing to clarify the terms and conditions of this and any subsequent voluntary debriefing(s) with your client.  Your client's complete truthfulness and candor are express material conditions to the terms and conditions set forth below.  Therefore, if your client knowingly withholds material information from the Government or otherwise is not completely truthful and candid during the debriefing, the Government may use your client's statements against your client for any purpose, including a prosecution for perjury or obstruction of justice.

1

(1)     First, except as provided for in paragraphs two and three below, no statements made by or other information provided by your client during the voluntary debriefing(s) will be used directly against your client in any criminal proceeding.

(2)     Second, the Government may make derivative use of and may pursue any investigative leads, in this or any other investigation, suggested by any statements made by, or other information provided by, your client.  (Because any statements made during this debriefing are voluntarily made on the part of your client, rather than compelled, it is the government's position that *Kastigar*[1] protections do not apply.   Nevertheless, your client understands that based on the terms of this agreement there will be no *Kastigar* hearing at which the government would have to prove that the evidence it would introduce at trial is not tainted by any statements made by or other information provided by your client.)

(3)     Third, in the event your client is ever a witness or presents evidence or arguments through other witnesses, at trial or any other proceeding, and your client's statements or that evidence contradicts statements made in your client's debriefing, the attorney or agent for the Government may cross-examine your client and other witnesses concerning any statements made or other information provided by your client during the debriefing(s), and may use any statements or evidence in any pleadings it files.   Evidence regarding such statements may also be introduced in rebuttal.  (This provision is to assure that your client does not abuse the opportunity for a voluntary debriefing(s), does not make material false statements to a government agency or fact finder, and does not commit perjury or otherwise provide materially false information at a trial or other proceeding, examples of which include, but are not limited to, sentencing hearings, parole hearings, and hearings on revocation of probation or supervised release).   In any judicial proceeding held to determine whether the above exceptions apply, the Government may use statements or evidence from your client's debriefing and shall be required to prove the circumstances by a preponderance of the evidence.

(4)     Fourth, it is understood and agreed to by your client and the United States that this agreement and the debriefing(s) conducted pursuant to this agreement do not constitute plea bargaining sessions.   However, if this agreement or the debriefing(s) conducted pursuant to this agreement are subsequently construed as plea bargaining sessions, your client knowingly and voluntarily waives or gives up any rights your client has pursuant to Rule 410 of the Federal Rules of Evidence and Rule 11(f) of the Federal Rules of Criminal Procedure.   In the absence of your client's waiver, these rules might prohibit the use of your client's statements and information provided by your client in accordance with the provisions set forth in paragraphs two and three above.

(5)     This debriefing agreement does not obligate the United States Attorney's Office for the District of Columbia to enter into any future plea bargain with your client or to file any motion regarding cooperation provided by your client.   In addition, your client understands that this office has made no additional promises to your client not contained in writing herein.

---

[1]     *Kastigar v. United States*, 406 U.S. 441 (1972).

(6)     The terms and conditions set forth above apply to this debriefing and any continuation of this debriefing on subsequent dates.

I trust that you will find these ground rules fair and reasonable.  If your client wishes to engage in a voluntary debriefing under these ground rules, would you and your client both sign this letter where indicated below.   Once signed, please return the original to me and retain a copy for your file.

Sincerely yours,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY

By:     */s/ Rachel A. Fletcher*
RACHEL A. FLETCHER
Assistant United States Attorney
TX Bar No. 24078505
555 4th Street, N.W., Room 4840
Washington, DC 20530
(202) 252-7093

By:     */s/ Grace Albinson*
GRACE ALBINSON
NY Bar No. 4952697
Trial Attorney, U.S. Department of Justice
Capitol Riot Detailee
150 M Street, N.E.
Washington, D.C. 20002
(202) 598-3276

I have read every word of this debriefing agreement, and its meaning has been fully explained to me by my attorney. After consultation with my attorney, I understand and agree to the contents of this letter.

_____   _____
Date                                                                  Elliot Bishai

### ATTORNEY'S ACKNOWLEDGMENT

I acknowledge that I have read each page of this debriefing agreement, reviewed it in its entirety with my client, and discussed fully with my client each of the provisions of the agreement.

_____   _____
Date                                                                  Donald Brown, Esq.
                                                                                 Attorney for Elliot Bishai